IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY MCCLURE, N-00370,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 11-cv-984-JPG |
| | ) |
| **MENARD CORRECTIONAL CENTER,** | ) |
| **OFFICER JOHNSON,** | ) |
| **PERSONAL PROPERTY SUPERVISOR** | ) |
| **and JOHN DOE OFFICERS,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Anthony McClure, an inmate at Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred while Plaintiff was incarcerated at Menard Correctional Center ("Menard"). Plaintiff is serving a thirty-five year sentence for murder. This case is now before the Court for a preliminary review of Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

The following summary of facts is drawn from Plaintiff's pro se first amended complaint (Doc. 12). He names Menard Correctional Center, Correctional Officer Johnson, Personal Property Supervisor, and John Doe Officers as parties who each violated his constitutional rights.

On June 22, 2009, an unknown person assaulted Plaintiff in his cell at Menard. Defendants Johnson and John Doe Officers were assigned to monitor Plaintiff's housing unit that day. Around noon, prison staff opened the cell doors to allow the inmates returning from lunch to reenter their cells. Plaintiff did not attend lunch that day and was washing his face in his cell when

the other inmates returned. Once the doors opened, an unknown party struck Plaintiff in the face. Plaintiff became unconscious and suffered severe trauma to his face and head. Following the incident, staff transferred Plaintiff to Chester Hospital where medical staff tended to his injuries.

On June 27, 2009, Plaintiff transferred to another housing unit at Menard. As part of his housing reassignment, Defendant Personal Property Supervisor transferred Plaintiff's property to his new cell. On June 29, 2009, Plaintiff received his property, only to discover that Defendant Personal Property Supervisor had not inventoried his property and that some of his things had been stolen.

Plaintiff requests monetary damages for the loss of his property and pain and suffering.

**Discussion**

**Count 1 - Failure to Protect**

Plaintiff claims that Defendants Johnson and John Doe Correctional Officers failed to protect him from the June 22, 2009 assault. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889.

A plaintiff also must prove that prison officials were aware of a specific, impending, and

substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Based on the allegations in Plaintiff's amended complaint, Defendants were not aware of any substantial risk that Plaintiff would be assaulted. In fact, Plaintiff did not seem to be aware of any risk either. The nature of the attack suggests that the unknown assailant utterly blind-sided Plaintiff while he was washing his face. Plaintiff alleges no threats or events leading up to his assault that would suggest it was anticipated by him or the guards. Plaintiff cannot expect prison staff, even those monitoring his housing unit, to prevent every single instance of inmate violence. Therefore, Plaintiff's failure to protect claim shall be dismissed without prejudice.

**Count 2 - Due Process**

Plaintiff claims that he was unconstitutionally deprived of his property when Defendant Personal Property Supervisor failed to properly inventory his belongings during his housing transition on June 27, 2009. The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims

court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).

Therefore, Plaintiff's claim for lost property is dismissed without prejudice to Plaintiff bringing his claim in the Illinois Court of Claims.  In fact, it appears that Plaintiff has already initiated that process (Doc. 12, p. 6).

**Defendant Menard Correctional Center**

Though Plaintiff names Defendant Menard in the caption of his amended complaint, he fails to list this party elsewhere in his amended complaint, so the Court is unable to ascertain what claims, if any, Plaintiff has against this Defendant.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143

F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Additionally, Plaintiff cannot maintain his suit against Defendant Menard, because it is a division of a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Thus, the Menard Correctional Center, which is a division of the Illinois Dept. of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71.

Because Plaintiff has not listed Defendant Menard elsewhere in his complaint and this Defendant is not subject to a § 1983 suit, he has not adequately stated claims against this party. For this reason, Defendant Menard will be dismissed from this action with prejudice.

**Pending Motion for an Urgent Protection Order**

On March 8, 2012, Plaintiff filed a motion seeking a single-person cell or, alternatively, transfer to another correctional facility (Doc. 23). At the time the motion was filed, Plaintiff was incarcerated at Western Illinois Correctional Center (Doc. 23, p. 3), and he is presently housed at Hill Correctional Center. Plaintiff cites to 18 U.S.C. § 1514 as grounds for granting a protective order, since he fears that the unknown assailant from June 22, 2009, may attempt to harm him

again. Plaintiff's motion is flawed for a variety of reasons.

First, 18 U.S.C. § 1514 provides a mechanism for protecting a victim or witness in a Federal *criminal case*, not a civil rights action. Furthermore, by the terms of 18 U.S.C. § 1514, this motion may only be initiated by a United States Attorney, not the alleged victim or witness themselves. Second, Plaintiff's motion is moot at this point in time, as he was transferred to Hill Correctional Center after filing it, thus granting his wish to be moved to a different facility. Finally, Plaintiff offers no reasons for such a drastic measure other than his personal, unsubstantiated fears that he will be attacked. Thus, Plaintiff's motion for an urgent protection order (Doc. 23) is **DENIED**.

**Pending Motion to Receive Local Rules**

On April 25, 2012, Plaintiff filed a motion asking the Court to send him a copy of the Court's Local Rules (Doc. 27). Plaintiff is **ADVISED** that the Local Rules for the Southern District of Illinois can be accessed online at: *Local Court Rules*, Southern District of Illinois, http://www.ilsd.uscourts.gov/Forms/LocalRulesRev6R.pdf (last visited July 19, 2012). Additionally, Hill Correctional Center's law library should possess a hard copy of the Local Rules. Therefore, Plaintiff's motion to receive local rules (Doc. 27) is **DENIED**.

**Disposition**

**IT IS HEREBY ORDERED** that the Clerk shall add **PERSONAL PROPERTY SUPERVISOR** as a Defendant in this case.

**IT IS FURTHER ORDERED** that **COUNTS 1** and **2** fail to state a claim upon which relief may be granted and thus are **DISMISSED** without prejudice. **DEFENDANTS**

**JOHNSON, PERSONAL PROPERTY SUPERVISOR,** and **JOHN DOE OFFICERS** are **DISMISSED** without prejudice.  **DEFENDANT MENARD** is **DISMISSED** with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED:   July 26, 2012

                                        *s/J. Phil Gilbert*
                                        **United States District Judge**